**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **LEETIS BYRD** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**THE GATES CORPORATION, INC.,** )<br>)<br>**Defendant.** ) | Case No. 4:04-CV-00121-TCM |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Comes now the plaintiff, by counsel, and hereby requests that the Court adopt the following jury instructions in this case.

      /s/ J. Brian Baehr
J. Brian Baehr         #86027
1205 West Broadway, Suite B
Columbia, MO 65203
Telephone:    (573) 499-1310
Facsimile:     (573) 499-1315

ATTORNEY FOR PLAINTIFF

Certificate of Service

Comes now the undersigned and certifies that this document was served on counsel to all parties via the Court's electronic filing system this 4th day of November 2005.

      /s/ J. Brian Baehr

# INSTRUCTION NO. _____

Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiff against the defendant.  The plaintiff alleges that the defendant terminated his employment because of his age.  The defendant denies that allegation.  It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against defendant.

From the evidence you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Proposed by Plaintiff

Instruction 1.01, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; and any facts that have been stipulated - that is, formally agreed to by the parties.

Certain things are not evidence.  I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence[, unless I specifically tell you otherwise during the trial].

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Proposed by Plaintiff

Instruction 1.02, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Proposed by Plaintiff

Instruction 1.03, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

# INSTRUCTION NO. \_\_\_\_\_

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Proposed by Plaintiff
Instruction 1.05, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. _____**

The trial will proceed in the following manner:

First, the plaintiff[s]'s attorney may make an opening statement.  Next, the defendant[s]'s attorney may make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff[s] will then present evidence and counsel for defendant[s] may cross-examine.  Following the plaintiff[s]'s case, the defendant may present evidence and plaintiff[s]'s counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  The court will instruct you further on the law.  After that you will retire to deliberate on your verdict.

Proposed by Plaintiff

Instruction 1.06, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

  We are about to take our first recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, please let me know about it immediately.  Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

  I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Proposed by Plaintiff

Instruction 2.01, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

# INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time,[1] the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

Proposed by Plaintiff

Instruction 3.03, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

     In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence.  To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

     The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

     You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

     Proposed by Plaintiff

     Instruction 3.04, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.[1]

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Proposed by Plaintiff
Instruction 3.06, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

  A corporation acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his duties as an employee of the corporation.

  Proposed by Plaintiff

  Instruction 9.01, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

Your verdict must be for plaintiff and against defendant on plaintiff's age discrimination claim if all the following elements have been proved by the preponderance of the evidence:

*First*, defendant discharged plaintiff; and

*Second*, plaintiff's age was a determining factor in defendant's decision.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for defendant.

"Age was a determining factor" only if defendant would not have discharged plaintiff but for plaintiff's age; it does not require that age was the only reason for the decision made by defendant. You may find age was a determining factor if you find defendant's stated reason for its decision is not the real reason, but is a pretext to hide age discrimination.

Proposed by Plaintiff

Instruction 5.11A, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

If you find in favor of plaintiff under Instruction \_\_\_\_\_, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any wages and fringe benefits you find plaintiff would have earned in his employment with defendant if he had not been discharged on September 25, 2002, through the date of your verdict, *minus* the amount of earnings and benefits from other employment received by plaintiff during that time.

You are also instructed that plaintiff has a duty under the law to use reasonable efforts to minimize his damages.  Therefore, if you find by the preponderance of the evidence, that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount of the wages and fringe benefits he reasonably would have earned if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

Proposed by Plaintiff

Instruction 5.12A, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

If you find in favor of plaintiff under Instruction \_\_\_\_\_, then you must decide whether the conduct of defendant was "willful."  You must find defendant's conduct was willful if you find by the preponderance of the evidence that, when defendant discharged plaintiff, defendant knew the discharge was in violation of the federal law prohibiting age discrimination, or acted with reckless disregard of that law.

Proposed by Plaintiff

Instruction 5.12C, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)

**INSTRUCTION NO. \_\_\_\_\_**

**Note:**      Complete this form by writing in the names required by your verdict.

On the claim of plaintiff Leetis Byrd, as submitted in Instruction \_\_\_\_\_, we find in favor of

_____

   Plaintiff Leetis Byrd                              or                         Defendant Gates Corporation, Inc.

**Note:**      Complete the following paragraphs only if the above finding is in favor of plaintiff. If the above finding is in favor of defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find plaintiff's damages to be:

   $_____ (stating the amount or, if none, write the word "none").

Was defendant's conduct "willful" as that term is defined in Instruction \_\_\_\_\_?

           Yes _____                    No _____
                     (Place an "X" in the appropriate space.)

                                            _____
                                                              Foreperson

Dated:  _____

Proposed by Plaintiff

Instruction 5.13, 8TH CIR. CIVIL JURY INSTR. 4.50A (2005)